SLIP OPINION

Cite as 2015 Ark. 339

# SUPREME COURT OF ARKANSAS

No. CR–15–22

| | |
|---|---|
| WAYNE LADELL TAYLOR, JR.<br>APPELLANT | **Opinion Delivered** October 1, 2015 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. CR–2010-3381] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Wayne Ladell Taylor, Jr., appeals an order of the Pulaski County Circuit Court denying his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015). On appeal, he argues that the circuit court erred in denying his Rule 37 petition because appellate counsel's failure to appeal the trial court's ruling that prohibited him from inquiring of the victims about any plea or immunity deal offered by the State constituted ineffective assistance. We affirm.

On October 28, 2011, Taylor was convicted by a Pulaski County Circuit Court jury of aggravated robbery, theft of property, first-degree battery, and committing a terroristic act in connection with a drug buy. The victims, Nathan Holloway and Tommy Pickel, drove from Des Arc to Jacksonville to purchase marijuana and arrangements were made to meet a third person at a local park. While there, Taylor and two other men arrived and robbed Pickel of $650. Gunfire then broke out, and a bullet struck Pickel. Holloway and Pickel were initially hesitant to report the robbery and shooting to police because of their intent to

purchase drugs but ultimately did file a police report,[1] and Taylor was charged by felony information, leading to the aforementioned convictions. He was sentenced to a total of eighty-seven years in the Arkansas Department of Correction.

His conviction and sentences were affirmed by the Arkansas Court of Appeals in *Taylor v. State*, 2013 Ark. App. 146. Following the court of appeals' affirmance, Taylor filed a Rule 37 petition, asserting two grounds for relief. First, Taylor asserted that he was entitled to question the victims regarding the fact that they were not charged with possession of marijuana, and appellate counsel's waiver of this argument on appeal constituted ineffective assistance of counsel. Second, Taylor argued that he was improperly convicted of both aggravated robbery and first-degree battery in violation of Arkansas Code Annotated section 5-13-201(a)(4) because the first-degree-battery charge is a lesser-included offense of aggravated robbery.

A hearing was held in the circuit court on January 23, 2014, although the record reflects that counsel for Taylor was not present. At that hearing, the State conceded that Taylor was subjected to double jeopardy on the charges of aggravated robbery and first-degree battery and agreed to complete a modified sentencing order reflecting the dismissal of the battery charge and the deletion of the twenty-year sentence imposed for that charge. As to

---

[1]The victims testified at trial that they drove to Jacksonville with the intent to buy marijuana, and during the trial, Taylor was allowed to elicit certain facts about the victims' intent to buy drugs that they intended to resell, as well as the fact that police discovered marijuana in the victims' truck. But, the trial court granted a motion in limine filed by the State to prohibit defense counsel from inquiring of the victims why the State had not charged them with possession of marijuana.

Taylor's other claim, the State argued it was without merit. The court instructed the State to speak with counsel for Taylor and request another hearing if necessary. Thereafter, on September 8, 2014, the circuit court entered an order denying Taylor's claim of ineffective assistance of counsel. The court reasoned that the jury had adequate information about the victims being present in the park to purchase marijuana, thus, Taylor could not show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because Taylor would not have prevailed on the issue had it been appealed.

That same day an amended sentencing order was filed and a second amended sentencing order was filed on September 11, 2014, both of which reflected the dismissal of the offense of battery in the first degree. This appeal followed.

Taylor's sole point for reversal is that the circuit court erred in denying his Rule 37 petition because his appellate counsel was ineffective in failing to raise an issue on appeal regarding the trial court's order that resulted in Taylor not being able to cross-examine two key witnesses about whether the State had charged either of them with possession of marijuana. Taylor asserts that the right to cross-examine a witness for bias is fundamental and outside the scope of the trial court's discretion. Moreover, Taylor asserts that the right to cross-examine regarding offers of leniency is guaranteed by the Confrontation Clause of the Sixth Amendment.

The State counters that Taylor's argument is without merit because the constitutional issues he now raises were never raised at the trial-court level and, thus, could not have successfully been raised on appeal. Moreover, the State argues that Taylor's argument is

without merit because once the trial court allowed Taylor to cross-examine the victims about their presence to purchase marijuana, the court had the discretion as to how far it would allow the cross-examination to go.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Golden v. State*, 2013 Ark. 144, 427 S.W.3d 11. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

On review of claims of ineffective assistance of counsel, this court follows the standard set forth in *Strickland*, 466 U.S. 668. Under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Sherman v. State*, 2014 Ark. 474, at 2, 448 S.W.3d 704, 708 (per curiam) (quoting *Strickland*, 466 U.S. at 686). In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

To satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's performance was deficient. *Decay v. State*, 2014 Ark. 387, 441 S.W.3d 899. To meet this requirement, a postconviction petitioner must show that counsel made errors so serious that

counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (per curiam). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of counsel, which, when viewed from counsel's perspective, could not have been the result of reasonable professional judgment. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam).

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in the sentencing. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

Unless a petitioner under Rule 37.1 makes both required showings under the *Strickland* analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Anderson*, 2015 Ark. 18, 454 S.W.3d 212. There is no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the petitioner fails to make a sufficient showing on one. *Id.*

Specifically, with regard to ineffectiveness claims of appellate counsel, this court has recognized that a criminal defendant is entitled to the effective assistance of counsel on direct appeal. *Walton v. State*, 2013 Ark. 254 (per curiam). Additionally, this court has explained

that counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Id.* It is petitioner's responsibility in a Rule 37.1 petition to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Walton*, 2013 Ark. 254. It is axiomatic that the failure to make a meritless argument on appeal does not constitute ineffective assistance of counsel. *Magness v. State*, 2015 Ark. 185, 461 S.W.3d 337 (per curiam).

Here, Taylor asserts that his appellate counsel was deficient because he did not argue on appeal that it was error for the trial court to grant the State's motion in limine. The record reflects that, at a pretrial hearing, the State moved in limine to prohibit any questioning about drugs found in the victims' truck or the lack of charges filed against the victims for possession of marijuana. The State argued that such issues were not relevant to any of the issues in Taylor's trial. Taylor argued in response, as follows:

> I think it's extremely relevant. We're talking about a case that deals with drugs, a drug transaction. They have drugs in their vehicle. It's to our defense that they it was actually the other way around, that there was an armed robbery by the defendants -- by the alleged victims in this case. And I think that's relevant to whether or not they, one, were coming to purchase marijuana. Two, it goes to whether or not -- I think it's extremely relevant, first of all, because it involves that. I mean, this case involves a drug deal.

The State argued in rebuttal that the issue of whether the victims were charged with possession was of absolutely no relevance to Taylor's case, and the trial court quickly agreed and ruled that it was granting that part of the motion in limine. Taylor again argued that he should be able to mention whether any possession charges existed, but the court reiterated its ruling that the lack of any charges was not relevant to Taylor's case. The court did rule, however, that Taylor could delve into other facts related to the victims' possession, use, and desire to purchase marijuana.

It is clear from the record that Taylor never raised any argument that he had an absolute right to question the witnesses regarding possible bias, nor did he ever raise any issue of his right to confrontation under the Sixth Amendment. Thus, because those issues were not raised to the trial court, we cannot say that appellate counsel was deficient for failing to challenge the trial court's grant of the State's motion in limine. Any such issue raised on direct appeal would not have been preserved for appellate review, and appellate counsel cannot be deficient for failing to make an argument wholly without merit.

Before leaving this point, we note that in response to the State's contention that appellate counsel could not have been deficient for failing to raise an argument that was not preserved for appellate review, Taylor asserts that it is clear from the context of the argument raised at trial that he was arguing that the court's limitation on his cross-examination impeded his right to confront the witnesses against him and to put on a defense. In support, he cites to *Rainer*, 2014 Ark. 306, 440 S.W.3d 315, for the proposition that this court has held that an argument need not be explicitly made to be preserved, but rather it is enough that the

argument is "apparent from the context." *Id*. at 10 n.2, 440 S.W.3d at 321 n.2. Even if we were to agree with Taylor in this respect, we cannot ignore the fact that the circuit court's ruling on the issue was clearly limited to the issue of relevance. The trial court never ruled on any issue of bias or right of confrontation. This court has made it clear that it will not decide issues that were not decided by the lower court. *Smith v. State*, 363 Ark. 456, 215 S.W.3d 626 (2005). Because the circuit court did not rule on those issues, there would have been nothing for this court to review on appeal and, again, appellate counsel cannot be deficient for failing to raise a meritless claim.

Affirmed.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.