SLIP OPINION

Cite as 2016 Ark. 376

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-281

| | |
|---|---|
| ADRIAN DEWAYNE WOOTEN | **Opinion Delivered** November 3, 2016 |
| APPELLANT | |
| | PRO SE APPEAL FROM DENIAL OF PRO SE PETITION FOR POSTCONVICTION RELIEF [HOWARD COUNTY CIRCUIT COURT NO. 31CR-13-89-2] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | |
| | <u>AFFIRMED</u>. |

**PER CURIAM**

This is a pro se appeal from the denial of appellant Adrian Dewayne Wooten's pro se petition for postconviction relief filed pursuant to Rule 37.1 (2015) of the Arkansas Rules of Criminal Procedure. For the reasons set forth below, the order of the trial court is affirmed.

In 2014, Wooten was found guilty by a jury of rape and aggravated-residential burglary. Wooten was sentenced as an habitual offender pursuant to Arkansas Code Annotated section 5-4-501(A)(C)(ii)(2)(A) (Repl. 2013) to 720 months' imprisonment for rape and 480 months' imprisonment for aggravated-residential burglary to be served consecutively. Wooten's trial counsel filed a motion for new trial pursuant to Rule 33.3 (2014) of the Arkansas Rules of Criminal Procedure and contended, among other things, that the victim was incompetent to testify and that the prosecutor made prejudicial comments during the course of the entire trial and during closing remarks. The trial record

reveals that a hearing had been conducted on the new-trial motion, and the trial court orally denied the motion at the conclusion of the hearing. Thereafter, new counsel was appointed for the purpose of appeal, and a timely notice of appeal was filed. The posttrial motion was deemed denied on the thirtieth day after it had been filed.[1] Ark. R. Crim. P. 33.3(c)(2014). Wooten's sole argument on appeal challenged the trial court's finding that the victim was competent to testify. The Arkansas Court of Appeals affirmed the convictions finding no error in the trial court's ruling on the victim's competency. *Wooten v. State*, 2015 Ark. App. 568, 494 S.W.3d 434.

Wooten filed a timely pro se petition for postconviction relief in the trial court contending that both trial counsel and appellate counsel had provided ineffective assistance of counsel. Wooten alleged that his trial counsel failed to secure an order from the trial court that denied the motion for a new trial and that appellate counsel had failed, on direct appeal, to challenge the trial court's failure to issue an order. In addition, Wooten set forth allegations of prosecutorial misconduct and asserted that his appellate counsel failed to raise the issue on direct appeal. Finally, Wooten alleged that Arkansas's habitual-offender statute, Arkansas Code Annotated section 5-4-501, is unconstitutional under the holding announced by the United States Supreme Court in *Johnson v. United States*, ___ U.S. ___,

---

[1] The motion was filed on November 21, 2014, and was deemed denied thirty days later on December 21, 2014. The notice of appeal had been previously filed on December 18, 2014, and appellate counsel did not amend the notice of appeal to include a challenge to the trial court's denial of the new-trial motion. *See Ayala v. State*, 365 Ark. 192, 194, 226 S.W.3d 766, 768 (2006) (an argument raised in a posttrial motion that is deemed denied is not preserved for appellate review unless the notice of appeal is amended).

135 S. Ct. 2551 (2015), and that appellate counsel failed to supplement the argument on direct appeal to include a constitutional challenge to Wooten's sentence enhancement based on his status as a habitual offender.[2]

The trial court denied relief without conducting a hearing and entered written findings that concluded that Wooten's allegations of prosecutorial misconduct were not cognizable under Rule 37.1 and that the failure to obtain an order denying Wooten's motion for a new trial was a strategic decision supported by reasonable professional judgment that had no prejudicial effect on the outcome of Wooten's appeal. Finally, the trial court concluded that Wooten's constitutional challenge to Arkansas's habitual-offender statute was conclusory in that Wooten failed to allege facts establishing that Arkansas's statute is similar to the federal statute reviewed by the United States Supreme Court in *Johnson*, ___ U.S. ___, 135 S. Ct. 2551. The trial court did not address Wooten's allegations of ineffective assistance of his appellate counsel with regard to an alleged failure to raise arguments on appeal challenging the prosecutor's conduct or the constitutionality of Wooten's sentence enhancement.

On appeal, Wooten reiterates the ineffective-assistance-of-counsel claims raised in his petition and enumerated above. However, Wooten contends that the prosecutorial-misconduct allegations set forth in his Rule 37.1 petition and rejected by the trial court as not cognizable were raised solely in connection with Wooten's claim of ineffective assistance

---

[2] The United States Supreme Court issued the above-cited opinion on June 26, 2015, during the pendency of Wooten's direct appeal before the Arkansas Court of Appeals, which issued its opinion affirming Wooten's conviction on October 21, 2015. *Wooten*, 2015 Ark. App. 568, 494 S.W.3d 434.

SLIP OPINION

of appellate counsel. Finally, Wooten contends that the trial court erred by failing to conduct an evidentiary hearing on his Rule 37.1 petition and by failing to make findings of fact addressing all of Wooten's claims of ineffective assistance of appellate counsel.

This court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. *Watson v. State*, 2014 Ark. 203, at 2–4, 444 S.W.3d 835, 838–39. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the totality of the evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id.* We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* First, a petitioner raising a claim of ineffective assistance must demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* Second, the petitioner must show that the deficient performance prejudiced the defense, such that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*



Wooten's ineffective-assistance-of-counsel claims based on the failure of trial counsel and appellate counsel to challenge the absence of a written order denying the new-trial motion is without merit because the new-trial motion and lack of an order denying the motion is wholly irrelevant to the outcome of Wooten's appeal, especially in view of the fact that appellate counsel failed to amend the notice of appeal to include an appeal from the denial of the posttrial motion. *Ayala*, 365 Ark. 194, 226 S.W.3d 768. First, a motion for new trial cannot be used as an avenue to raise new allegations of error that have not already been raised and preserved at trial. *Tosh v. State*, 278 Ark. 377, 381, 646 S.W.2d 6, 9 (1983) (a litigant may not await the outcome of the case before bringing alleged errors to the attention of the trial court). Thus, the motion for new trial did not create new issues that were ripe for appellate review which had been waived by appellate counsel. Second, even if appellate counsel had chosen to appeal the denial of this posttrial motion, the failure to obtain an order on the motion for new trial would not preclude appellate review of the issues raised therein. *See Smith v. State*, 354 Ark. 226, 249, 118 S.W.3d 542, 556, (2003) (issues raised in a motion for new trial are properly before the appellate court if the trial court fails to enter a ruling either denying or granting the motion). Wooten did not explain in his petition or in his argument on appeal how he was prejudiced by trial counsel's failure to obtain a written order on a motion that had been deemed denied and which appellate counsel chose not to appeal, and he fails to explain how such an appeal would have inured to his benefit. The burden is entirely on Wooten to provide facts that affirmatively support his claims of prejudice, and neither conclusory statements nor allegations without factual substantiation warrant granting postconviction relief. *Abernathy v. State*, 2012 Ark. 59, at 5,

386 S.W.3d 477, 482 (per curiam). Wooten does not provide any factual or legal basis in support of his claims of ineffective assistance of counsel with respect to litigating the issue raised in the motion for a new trial either before the trial court or on appeal, and the trial court did not clearly err by rejecting this specious claim for relief.

Wooten next argues that appellate counsel was ineffective for failing to raise allegations of prosecutorial misconduct on direct appeal. In his Rule 37.1 petition, Wooten alleged that, during the course of the trial, the prosecutor appeared to be motivated by personal animus and persistently made improper suggestions and verbal quips. Wooten further contended that during closing argument, the prosecutor characterized Wooten as a "thing," suggested that Wooten's trial counsel considered the jurors to be stupid, and commented on Wooten's silence. Wooten argues on appeal that the cited conduct deprived him of a fair trial and should have been challenged on direct appeal.

With regard to ineffectiveness claims of appellate counsel, this court has recognized that a criminal defendant is entitled to the effective assistance of counsel on direct appeal. *Taylor v. State*, 2015 Ark. 339, at 5–6, 470 S.W.3d 271, 275–76. Additionally, this court has explained that counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. *Id*. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Id*. It is petitioner's responsibility in a Rule 37.1 petition to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief.

*Id.* The failure to make a meritless argument on appeal does not constitute ineffective assistance of counsel. *Id.*

As stated, Wooten alleged in his petition and argues on appeal that the prosecutor displayed open hostility during the course of the trial which was manifested through persistent inappropriate suggestions and verbal quips. However, Wooten failed to describe in his petition or in his appellate argument the content or context of the comments, or to establish that meritorious objections were made at trial such that the issue was properly preserved. A court is not required to research or develop arguments contained in a petition for postconviction relief, and generally referencing alleged misconduct without identifying the specific statements or behavior that warranted grounds for appeal is not sufficient to support a claim for ineffective assistance of appellate counsel. *See Cunningham v. State*, 2013 Ark. 304, at 8, 429 S.W.3d 201, 208 (per curiam) (general allegation that trial counsel failed to object to hearsay was insufficient to establish ineffective-assistance-of-counsel claim). Wooten failed to state sufficient facts in support of his claim that appellate counsel had failed to raise an issue on appeal that had been preserved at trial and which constituted reversible error on appeal. *Taylor*, 2015 Ark. 339, at 5–6, 470 S.W.3d at 275–76.

With respect to comments made by the prosecutor during the closing argument, Wooten provided specific examples of allegedly inappropriate comments made by the prosecutor but failed to demonstrate that an objection was raised or ruled on at trial. The trial record confirms that the prosecutor made statements during his rebuttal suggesting that Wooten should not be considered a man, and implying that Wooten's trial counsel had talked to jurors as if they were stupid, but there is no support for Wooten's assertion that

SLIP OPINION

the prosecutor commented on Wooten's silence. The record further reveals that no objection was made with respect to the specific comments cited by Wooten, and that long after these remarks had been made to the jury, Wooten's trial counsel made the following statement to the court: "I would appreciate it if [the prosecutor] would refer to Mr. Wooten as Mr. Wooten or the Defendant and stop those verbal asides." However, there was no ruling or admonishment from the trial court and none was requested. We have repeatedly held that the failure to obtain a ruling on an issue at the trial court level precludes review on appeal. *Travis v. State*, 371 Ark. 621, 633, 269 S.W.3d 341, 350 (2007). Moreover, absent a contemporaneous objection at trial, we will not review alleged errors in the State's closing argument. *Lard v. State*, 2014 Ark. 1, at 26, 431 S.W.3d 249, 268. We have explained that when no objection is made during closing argument, an appellant cannot predicate error upon the failure of the trial court to make a ruling that had not been requested, unless the remarks were so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury not to consider the same. *Id*. at 27, 431 S.W.3d at 268. Finally, it is well settled that closing remarks that require reversal are rare and require an appeal to the jurors' passions. *Rohrbach v. State*, 374 Ark. 271, 280, 287 S.W.3d 590, 597 (2008). Wooten failed to allege in his petition or to provide sufficient argument on appeal establishing that an objection was made during the prosecutor's closing remarks, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Taylor*, 2015 Ark. 339, at 5–6, 470 S.W.3d at 275–76.

Wooten next challenged the constitutionality of his sentence enhancement and also faulted appellate counsel for failing to supplement the appellate argument by raising the issue on direct appeal. Wooten's constitutional claim is based on a ruling issued by the United States Supreme Court in June 2015 after Wooten's trial and during the pendency of Wooten's direct appeal. The holding in *Johnson* applied to language contained in a "residual clause" of a specific federal sentencing enhancement statute that defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555. The United States Supreme Court found that the definition of a "violent felony" as set forth in the federal statute's residual clause to be unconstitutionally vague. *Id.* The holding in *Johnson* was ruled to be retroactive in a subsequent decision handed down in March 2016. *Welch v. United States*, ___ U.S. ___, 1365 S. Ct. 1257 (2016).

Unlike the federal statute addressed by the United States Supreme Court, Arkansas's habitual-offender statute does not contain a vague definition of what constitutes a "serious felony involving violence." Rather, Arkansas's statute clearly enumerates the specific crimes that fall within that definition. *See* Ark. Code Ann. § 5-4-501(c)(1)(2)(A)(i-xi) (Repl. 2013). However, Wooten asserts that Arkansas's habitual-offender statute was unconstitutionally applied in his case because his prior felony convictions had occurred in Oklahoma, and Wooten contends that Arkansas's sentencing scheme does not clearly define a "violent felony" with regard to prior out-of-state felony convictions. Wooten is mistaken—his sentence was not enhanced because his prior out-of-state felony convictions involved violence. Rather, he was sentenced under Arkansas Code Annotated section 5-4-

SLIP OPINION

501(A)(C)(ii)(2)(A), which imposes an enhanced sentence on a defendant who had previously been convicted of more than one felony but fewer than four, regardless of the nature of the crime. Thus, there is no showing that the United States Supreme Court's holding in *Johnson*, 135 S. Ct. at 2555, is applicable to Arkansas's habitual-offender statute or that the statute was unconstitutionally applied in Wooten's case. Wooten does not demonstrate that appellate counsel was ineffective by failing to raise a meritless constitutional challenge on direct appeal. *Taylor*, 2015 Ark. 339, at 5–6, 470 S.W.3d at 275–76. The trial court did not clearly err by rejecting Wooten's constitutional challenge as conclusory and unsupported by legal authority.

Wooten finally argues on appeal that the trial court erred by failing to conduct an evidentiary hearing before denying relief pursuant to Rule 37.1 and by failing to enter sufficient findings in the absence of a hearing. It is undisputed that the trial court has discretion pursuant to Arkansas Rule of Criminal Procedure 37.3(a) to decide whether the files and records are sufficient to sustain the court's findings without a hearing. *Sanders v. State*, 352 Ark. 16, 25–26, 98 S.W.3d 35, 41 (2003). Moreover, this court has affirmed the denial of a Rule 37.1 petition notwithstanding the trial court's failure to make sufficient findings under Rule 37.3(a) when it can be determined from the record that the petition is wholly without merit, or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Turner v. State*, 2016 Ark. 96, at 8, 486 S.W.3d 757, 763. Here the trial court's findings on most, but not all, of Wooten's claims for relief were sufficient for review. With respect to Wooten's claims of ineffective assistance of appellate counsel, a review of the petition itself, together with a consideration

of the record on appeal, conclusively shows that Wooten's claims do not merit postconviction relief. The trial court did not abuse its discretion when it denied relief without a hearing, and Wooten offers no argument on appeal demonstrating that the trial court's findings were clearly erroneous.

Affirmed.

*Adrian D. Wooten*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee