SLIP OPINION

Cite as 2016 Ark. 432

# SUPREME COURT OF ARKANSAS

No. CR-16-36

| | |
|---|---|
| EDWARD ANTHONY LIGGINS<br>APPELLANT | **Opinion Delivered:** December 8, 2016 |
| V. | APPEAL FROM THE CRAIGHEAD<br>COUNTY CIRCUIT COURT<br>[NO. CR-2009-1147] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CINDY THYER,<br>JUDGE |
| | <u>AFFIRMED</u>. |

**HOWARD W. BRILL, Chief Justice**

Appellant Edward Anthony Liggins appeals an order of the Craighead County Circuit Court denying his petition for postconviction relief. For reversal, Liggins argues that the circuit court erred in denying his ineffective-assistance claims (1) that appellate counsel failed to appeal improper victim-impact testimony and an illegal sentence and (2) that trial counsel failed to meet with him, provide copies of discovery, and communicate about his case. We affirm the circuit court's order.

## I. *Facts*

On August 5, 2010, a Craighead County jury convicted Liggins of first-degree murder of Tyrina Cornwell and first-degree battery of Germany Warren. The circuit court sentenced Liggins to forty years' imprisonment for the murder conviction with an enhancement of fifteen years for using a firearm in the commission of a crime and an additional enhancement of ten years' imprisonment for committing the crime in the presence of a child. His sentence and enhancements, which were to run consecutively,

SLIP OPINION

totaled an aggregate sentence of sixty-five years' imprisonment. Liggins also received a twenty-year sentence for the battery conviction to run concurrently with the sixty-five-year sentence. Liggins appealed, and the court of appeals appointed new appellate counsel. *See Liggins v. State*, 2014 Ark. App. 671. The court of appeals affirmed. *See Liggins v. State*, 2015 Ark. App. 321, 463 S.W.3d 331. Liggins filed a petition for postconviction relief pursuant to Arkansas Rule of Civil Procedure 37.1, in which he asserted numerous claims of ineffective assistance of counsel. After a two-day hearing, the circuit court denied Liggins's petition. He timely filed a notice of appeal and now raises the following arguments before this court.

## II. *Rule 37 Appeal*

On appeal, Liggins argues that the circuit court erred by denying his Rule 37 claims that both appellate and trial counsel provided ineffective assistance. This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *E.g.*, *Prater v. State*, 2012 Ark. 164, 402 S.W.3d 68. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id.*, 402 S.W.3d 68.

The criteria for assessing the effectiveness of counsel were enunciated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *E.g.*, *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001).

SLIP OPINION

Under the performance prong of the *Strickland* test, the petitioner must show that counsel's performance was deficient. *E.g.*, *Doty v. State*, 2016 Ark. 341, ___ S.W.3d ___. This factor requires a showing that trial counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.*, ___ S.W.3d ___. The courts acknowledge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*, ___ S.W.3d ___. Accordingly, the petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of counsel, which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*, ___ S.W.3d ___.

Under the prejudice prong of *Strickland*, even if counsel's conduct is shown to be professionally unreasonable, the judgment will stand unless the petitioner can demonstrate that the error had an actual prejudicial effect on the outcome of the proceeding. *E.g.*, *Luper v. State*, 2016 Ark. 371, ___ S.W.3d ___. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 3, ___ S.W.3d at ___ (quoting *Strickland*, 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *E.g.*, *Taylor v. State*, 2015 Ark. 339, 470 S.W.3d 271.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Accordingly, we need not address the *Strickland* components in a particular order or even address both components of the inquiry if the petitioner makes an insufficient showing on one. *See*

SLIP OPINION

*Strickland*, 466 U.S. at 697. The Court has stated that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## A. Appellate Counsel

We first address Liggins's two claims concerning the ineffective assistance of his appellate counsel. Liggins contends that the circuit court erred in denying his claim that appellate counsel was ineffective for failing to argue that a victim-impact witness improperly recommended to the jury that Liggins receive the maximum sentence of life without parole.

The victim's mother, Catherine Amiths, testified during the sentencing phase of Liggins's trial and stated, "It'll never go away. And I just feel like he should have to go through . . . he deserves a life without parole." Liggins's trial counsel moved for a mistrial. The circuit court denied the motion and instructed the jury that "any recommendation of family members as to a sentence of the defendant is improper and is not be considered by you in determining the sentence of the defendant." Liggins later asserted in his Rule 37 petition that his appellate counsel failed to raise the victim-impact issue on appeal. The circuit court ruled that

> [a]fter hearing all of the evidence relating to sentencing, the jury recommended that the petitioner receive a term of years rather than a life sentence, and the court sentenced him accordingly. . . . As such, no prejudice can be demonstrated by the petitioner in this regard. Without a demonstration of prejudice, petitioner's claim must fail.

On appeal, Liggins argues that *Miller v. State*, 2010 Ark. 1, 362 S.W.3d 264, a death-penalty case, supports his contention. In *Miller*, this court held that it was not proper for witnesses to tell the jury what the appropriate penalty should be, stating that "penalty

recommendations from family members of the victim are not relevant as victim-impact evidence." *Id.* at 32, 362 S.W.3d at 285 (quoting *Greene v. State*, 343 Ark. 526, 535, 37 S.W.3d 579, 586 (2001)). Such testimony would interfere with and be irrelevant to a jury's decision on punishment. *Id.*, 362 S.W.3d 264. Here, Liggins's case is distinguishable because he did not receive a death sentence, and this court has stated that death is different. *See, e.g., State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999).

Moreover, it is unnecessary to discuss appellate counsel's performance regarding the victim-impact issue because Liggins did not establish that he was prejudiced. Pursuant to Arkansas Code Annotated section 5-4-603(c) (Supp. 2013), the maximum sentence to which Liggins could have been sentenced for his murder conviction was life without parole, but Liggins received a sentence of forty years' imprisonment for that conviction. Because the jury did not impose the greater sentence, the victim-impact testimony was not prejudicial. Thus, we hold that the circuit court properly concluded that Liggins failed to demonstrate prejudice such that the outcome of his trial would have been different. Accordingly, we affirm the circuit court's ruling because Liggins cannot satisfy the second prong of *Strickland* and any discussion of the first *Strickland* prong is unnecessary.

Next, Liggins asserts that the circuit court erred in denying his claim that appellate counsel was ineffective for failing to argue that Liggins received an illegal sentence. According to Liggins, Arkansas Code Annotated sections 5-1-103 and 5-4-104 prohibit a sentence enhancement for his murder conviction.

Pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2016), Liggins received an enhanced sentence of fifteen years' imprisonment for possessing a firearm during

the commission of first-degree murder. In *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005), we held that sections 5-4-104(a) and 16-90-120(a)–(b) could be read harmoniously to mean that section 16-90-120(a)–(b) was only a sentence enhancement, while the Arkansas criminal code provides the minimum sentences to be imposed for each specific offense. Thus, in light of our *Williams* holding, we conclude that Liggins's appellate counsel was not ineffective, and we affirm.

## B. Trial Counsel

We also address Liggins's ineffective-assistance claims concerning his trial counsel. Liggins asserts that his trial counsel was ineffective because he met with him only three hours before the trial; that he failed to provide copies of discovery; and that he failed to communicate with him about the case.

Liggins raised these ineffective-assistance claims in a motion for new trial before the circuit court. This court has stated that a motion for new trial, which raised some claims of ineffective assistance of counsel, does not preclude the petitioner from later filing a Rule 37 petition if the claims are being raised for the first time. *Huddleston v. State*, 347 Ark. 226, 61 S.W.3d 163 (2001) (per curiam). Claims of ineffective assistance raised in a new-trial motion are settled by the circuit court; however, claims not raised in the motion for new trial are proper in Rule 37 proceedings. *Id.*, 61 S.W.3d 163.

Here, the circuit court ruled on these claims when it denied Liggins's motion for new trial. The circuit court found "the testimony of Mr. DeProw [Liggins's attorney] to be credible and [found] the testimony of the defendant not to be credible." The circuit court stated that "counsel engaged in appropriate and meaningful discovery, . . . appeared

in court with the defendant on several occasions; and met with the defendant on numerous occasions." The circuit court further stated that Liggins

> did not agree with everything his counsel did or said on his behalf, but there is no showing . . . that any decisions or actions . . . fell below an objective standard of reasonableness . . . [or] that the outcome of the trial would have been different especially considering the overwhelming evidence of [Liggins's] guilt submitted at trial.

Because the circuit court previously ruled on these issues in its order denying Liggins's motion for new trial, we are precluded from doing so on appeal. *See Huddleston*, 347 Ark. 226, 61 S.W.3d 163.

Affirmed.

*Alvin L. Simes, P.A.*, by: *Alvin L. Simes*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee