Cite as 2019 Ark. 312

# SUPREME COURT OF ARKANSAS

No. CR–18–425

| | |
|---|---|
| EDWARD THOMPSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 31, 2019<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR–12–749]<br><br>HONORABLE BARRY A. SIMS, JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Edward Thompson sought postconviction relief based on allegations of ineffective assistance of trial and appellate counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The circuit court was not persuaded by his claims and denied the petition. Thompson appeals that decision. We affirm.

I.

Tyler and Keye Ratley were leaving a Little Rock nightclub when they were attacked by Thompson and an accomplice. Tyler was walking behind his brother when Thompson attempted to rob him. The assailants fled when Keye ran to his brother's aid. As Keye chased after them, one of the men fatally shot him in the stomach. A witness observed the men drive away in a red P.T. Cruiser that had been reported as stolen the day before. After police recovered the stolen vehicle, they discovered Thompson's DNA inside. Thompson was later arrested after Tyler identified him in a photographic lineup.

A jury convicted Thompson of first-degree felony murder, aggravated robbery, felony theft, and misdemeanor theft. He was sentenced to life imprisonment plus an aggregate ninety years. We were not persuaded by Thompson's arguments on direct appeal. *Thompson v. State*, 2015 Ark. 271, 548 S.W.3d 129. Our independent review of the record, however, revealed a reversible error. *Id.*; *see* Ark. Sup. Ct. R. 4–3(i) (2016). Thompson had been charged with capital felony murder predicated on aggravated robbery. But he was convicted of first-degree felony murder predicated on robbery. We accordingly reversed the aggravated robbery conviction and remanded with instructions for resentencing. *Id.* The remaining convictions and sentences were affirmed. *Id.*

After resentencing, Thompson timely petitioned for Rule 37 postconviction relief. His claims were premised on allegations of constitutionally deficient counsel both at trial and on direct appeal. The circuit court determined that Thompson failed to make the requisite showings under *Strickland*. His petition was denied, and this appeal followed.

II.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel. *See Lee v. State*, 2009 Ark. 255, at 3, 308 S.W.3d 596, 600. The benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The standard governing Thompson's ineffective assistance of counsel claims is the familiar two-prong test established in *Strickland*. *See Liggins v. State*, 2016 Ark. 432, at 2–3, 505 S.W.3d 191, 193–94. To prevail under *Strickland*,

2

Thompson must show both that his attorney's performance was constitutionally deficient and that he was prejudiced as a result. *Id*.

To establish deficient performance, Thompson must show that counsel's representation fell below an objective standard of reasonableness. *Id*. But judicial scrutiny of counsel's performance is highly deferential: The *Strickland* analysis begins with "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*. This presumption may be overcome only by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Luper v. State*, 2016 Ark. 371, at 3, 501 S.W.3d 812, 815–16. Thompson must identify specific acts and omissions which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id*.

With respect to prejudice, Thompson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (internal quotations omitted). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. *State v. Fudge*, 361 Ark. 412, 415, 206 S.W.3d 850, 853 (quoting *Strickland*, 466 U.S. at 693). Indeed, the likelihood of a different outcome must be "substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687.

Unless Thompson satisfies both prongs, it cannot be said that his conviction resulted from a breakdown in the adversarial process that rendered the result unreliable. *See Gordon*

*v. State*, 2018 Ark. 73, at 5, 539 S.W.3d 586, 591. Accordingly, there is no reason for a court "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

We will not reverse the denial of postconviction relief unless the circuit court's findings were clearly erroneous. *See Liggins*, 2016 Ark. 432, at 2, 501 S.W.3d at 193. Clear error exists where, after reviewing the totality of the evidence, we are left with the definite and firm conviction that a mistake has been made. *Id.* With these standards in mind, we proceed to the merits of this appeal.

A.

With respect to trial counsel's performance, Thompson appeals the circuit court's rejection of four alleged errors.[1] Those errors include: (1) failure to timely object to Tyler's identification; (2) failure to object to jury instructions on accomplice liability; (3) failure to investigate and object to the admission of video evidence; and (4) failure to seek a hearing to redact improper character evidence from Thompson's custodial statement. We affirm the circuit court's decision on each point.

1.

Thompson's first point is premised on counsel's failure to contemporaneously object to Tyler's identification. Counsel twice moved to suppress Tyler's pretrial and in-court identifications but was unsuccessful. The alleged error, however, arose from counsel's failure

---

[1]In his petition, Thompson also alleged that trial counsel was ineffective for failing to object to misrepresentations made during closing and failing to object to an alleged trial closure. These claims were rejected under *Strickland*. Thompson has abandoned the claims on appeal. *See Anderson v. State*, 2013 Ark. 332, at 2 n.1.

4

to object during Tyler's testimony at trial. This omission rendered the matter unpreserved for appellate review. *See Thompson*, 2015 Ark. 271, at 4–5, 548 S.W.3d at 131–32. Had the matter been preserved, Thompson contends it would have been reversible error on appeal for violation of due process. The circuit court concluded that Thompson failed to identify facts that established prejudice under *Strickland*.

A pretrial identification violates due process when there are suggestive elements in the identification procedure that make it all but inevitable that the victim will identify one person as the culprit. *King v. State*, 323 Ark. 558, 561, 916 S.W.2d 725, 727 (1996). Even when the process is suggestive, the circuit court may determine that under the totality of the circumstances the identification was sufficiently reliable for the matter to be decided by the jury. *Id*. In determining reliability, the court considers (1) the prior opportunity of the witness to observe the alleged act; (2) the accuracy of the prior description of the accused; (3) any identification of another person prior to the pretrial identification procedure; (4) the level of certainty demonstrated at the confrontation; (5) the failure of the witness to identify the defendant on a prior occasion; and (6) the lapse of time between the alleged act and the pretrial identification procedure. *Id*. We do not reverse a ruling on the admissibility of identification unless it is clearly erroneous, and we will not inject ourselves into the process of determining reliability unless there is a very substantial likelihood of misidentification. *See Williams v. State*, 2014 Ark. 253, at 6, 435 S.W.3d 483, 486.

Thompson argues that the two photographic lineups that led to Tyler's identification were unduly suggestive. Citing the reliability factors above, he claims that the trial court erroneously denied trial counsel's motion to suppress the pretrial identification based on

5

those lineups. Thompson asserts error because his photograph was the only one to appear in both lineups. He also claims that the second lineup, which produced Tyler's positive identification, included an outdated photograph of him and did not match Tyler's initial description of the perpetrator. He also asserts error on the basis that Tyler failed to identify him in the first lineup, which included the most recent photograph of him, and because a month had passed between the crime and Tyler's identification.[2]

Thompson failed to show that the trial court clearly erred in denying the motion to suppress the pretrial identification. The fact that Thompson was the only individual whose photograph was in both lineups was not unduly suggestive. This is because, as Thompson concedes, the two photographs were different. *See King*, 323 Ark. 558, 916 S.W.2d 725. His remaining claims are equally unpersuasive. *See Milholland v. State*, 319 Ark. 604, 893 S.W.2d 327 (1995) (identification two months after crime reliable); *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995) (discrepancy in initial description did not render identification unreliable in light of victim's certainty). In sum, Thompson failed to demonstrate that the photo lineups produced an inevitable result and that he was prejudiced by counsel's conduct. Moreover, the factors regarding the reliability of an in-court identification need not be addressed if the pretrial identification process is determined to be not unduly suggestive. *See King*, *supra*. Therefore, it was properly left to the jury to decide if Tyler's identification was reliable. Accordingly, Thompson failed to establish that he suffered any prejudice by counsel's failure to preserve the identification matter for review.

---

[2]Thompson claims that Tyler admitted to being drunk at the time of the crime, which also contributed to the unreliability of the identification. This allegation was not raised below and is waived on appeal. *See Gordon*, 2018 Ark. 73, 539 S.W.3d 586.

## 2.

The circuit court also determined that counsel's failure to object to jury instructions on accomplice liability did not fall outside the range of competent legal representation. The prosecution was entitled to instruct the jury on accomplice liability if there was some basis in the evidence to support the instruction. *See Green v. State*, 2013 Ark. 497, 430 S.W.3d 729. Tyler's testimony provided that basis. According to Tyler, he was robbed by two men and witnessed one of the men shoot and kill his brother. Under accomplice liability, each perpetrator was an accomplice of the other and criminally liable for the conduct of both. *Id.* There was simply no error in providing the instruction. Any objection would have been wholly without merit. Failure to make a meritless objection is simply not ineffective assistance of counsel. *See Lee v. State*, 2017 Ark. 337, at 11–12, 532 S.W.3d 43, 54.

## 3.

The court further concluded that counsel did not ineffectively fail to investigate or object to the admission of two videos depicting a P.T. Cruiser leaving the scene of the crime. Thompson claims the videos did not conclusively depict a red P.T. Cruiser. He also contends that counsel should have enhanced the videos or sought an expert to rebut testimony identifying the vehicle's model. But he offers nothing to support a successful objection or to establish that the videos were irrelevant or prejudicial. Thompson must identify facts that affirmatively substantiate his claims. *See Carter v. State*, 2015 Ark. 166, at 8–9, 460 S.W.3d 781, 789. His conclusory allegations simply do not provide a basis for postconviction relief. *Id.* Moreover, counsel's decision to not enhance the videos or call an expert witness was trial strategy and is outside the purview of postconviction relief. *See Echols*

7

*v. State*, 354 Ark. 530, 554, 127 S.W.3d 486, 501 (2003). Thompson did not explain how this decision fell outside the range of reasonable professional judgment. The court did not clearly err in rejecting this claim.

4.

Thompson's final assertion against trial counsel is premised on counsel's failure to seek a hearing on the exclusion of improper character evidence in Thompson's custodial statements. Counsel moved to redact all references to Thompson's prior prison sentences. The prosecution agreed to the redaction. Thompson now appears to contend that counsel should have also sought redaction of statements concerning his pattern of breaking into vehicles and theft to support his drug use. He claims this evidence was used simply to show that he was a bad person. Thompson, however, fails to show that the evidence would have been redacted if counsel had sought a hearing or further pursued the matter.

Evidence is not admissible simply to show a prior bad act. *See Vance v. State*, 2011 Ark. 243, at 20, 383 S.W.3d 325, 339. Under Arkansas Rule of Evidence 404(b), the evidence must be independently relevant. *Id*. That is, it must have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Id*. Any circumstance that links a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible. *Id*. Thompson told police that he had been in the area where the P.T. Cruiser had been stolen. He also admitted that he stole to support his drug habit. This evidence established motive and opportunity for the crime and was therefore independently relevant and admissible under Rule 404(b).

B.

Thompson claims he was denied effective assistance of appellate counsel based on counsel's failure to raise two issues on appeal. The guarantee of effective assistance applies with equal force to counsel on direct appeal. *See Taylor v. State*, 2015 Ark. 339, at 5–6, 470 S.W.3d 271, 275–76. The failure to raise an issue must have amounted to error of such magnitude that it rendered appellate counsel's performance deficient under *Strickland*. *Id*. Thompson must show that the issue would have resulted in a finding of reversible error. *Id*. He must also establish that the issue was raised at trial, that the trial court erred in ruling on the issue, and that an argument on the matter would merit appellate relief. *Smith v. State*, 363 Ark. 456, 215 S.W.3d 626 (2005).

1.

Thompson charges appellate counsel with ineffective assistance for failing to brief the verdict error identified by this court during our Rule 4-3(i) review. The circuit court held that Thompson failed to meet the *Strickland* standard. This decision was not clear error. Even assuming appellate counsel was ineffective for failing to raise the verdict error, there is simply no prejudice. We corrected the error and ordered resentencing on the robbery conviction. Nevertheless, Thompson contends that he suffered prejudice because appellate counsel should have raised the error and sought resentencing "*in toto*." This conclusory assertion is not supported by any citation to authority or convincing argument and will not be addressed by this court. *See B.C. v. State*, 344 Ark. 385, 388 n.1, 40 S.W.3d 315, 317 n.1 (2001).

9

2.

Thompson contends that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his convictions. The circuit court found that Thompson failed to establish prejudice. Indeed, any argument challenging the sufficiency of the evidence would have been futile on direct appeal. The directed verdict motions at trial challenged only the evidence supporting the charges of capital murder and aggravated robbery. But Thompson was convicted of the lesser-included offense of first-degree murder. We reversed the aggravated robbery conviction during our Rule 4–3(i) review and ordered resentencing on robbery. Because trial counsel did not challenge the evidence supporting first-degree murder or robbery, the issue was waived on appeal. *See Grillot v. State*, 353 Ark. 294, 304–05, 107 S.W.3d 136, 142 (2003). Appellate counsel's failure to raise a meritless argument is not ineffective assistance. *See Taylor*, 2015 Ark. 339, 470 S.W.3d 271. Accordingly, the circuit court's denial of this claim was not clearly erroneous.

Affirmed.

*Edward Lee Thompson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.