HOWARD W. BRILL, Chief Justice 11Appellant Trozzie Lavelle Turner appeals the order of the circuit court denying his petition for postconviction relief. Turner was found guilty by a Columbia County jury of possession of cocaine with intent to deliver, possession of methamphetamine with intent to deliver, and maintaining a drug premises, for which he was sentenced to an aggregate total of eighty-six years in the Arkansas Department of Correction. Turner appealed, and the court of appeals affirmed. See Turner v. State, 2009 Ark. App. 822, 2009 WL 4673794. Thereafter, counsel , for Turner filed a timely petition for' postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The circuit court denied the petition without a hearing. Turner contends on appeal that the circuit court erred in denying his petition for postcon-viction relief because (1) trial counsel was ineffective in failing to object to certain statements made by the prosecutor during closing argument, and (2) trial counsel was | ^ineffective in failing to make a motion to dismiss for lack óf a speedy trial and in failing tc make an adequate record that the time for speedy trial had run before the trial started. We affirm’ in part and reverse and remand in part. This court- does not reverse a denial of postconviction relief unless the circuit court’s findings are clearly erroneous. Taylor v. State, 2015 Ark. 339, at 4, 470 S.W.3d 271, 275. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id., 470 S.W.3d at 275. On review of claims of ineffective assistance of counsel, this court follows the standard set forth by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors^ so -serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. at 687, 104 S.Ct. 2052. Unless a defendant makes both Strickland showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. “[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.” Strickland, 466 U.S. at 697, 104 S.Ct. 2052. | ¡,1. Prosecutor’s Comments During Closing Argument Turner contends that trial counsel was ineffective in failing to object to certain statements made by the prosecutor in his rebuttal to trial counsel’s closing argument. First, Turner claims that, during rebuttal, the prosecutor improperly shifted the burden of proof and implied that a defendant has an obligation to refute evidence. The prosecutor stated, If I had been defending this case and I knew that I was going to come in here and tell twelve folks that I lived down in Emerson, do you know what I - would have given you folks? I’d have given you stacks of utility bills from Emerson, stacks and stacks of phone bills and electric bills and gas bills and cable bills. I’d have gotten my neighbors in here and said, “Yeah, I see him there every day.” The State responds that the prosecutor’s remarks were not improper because they were directly connected to both the testimony elicited by trial counsel and trial counsel’s closing argument. We agree. Turner’s charges stemmed from the execution of a search warrant on a residence in Magnolia, Arkansas, during which law enforcement officers seized cocaine and methamphetamine. Part of Turner’s defense was that he, did not live at the Magnolia residence from which illegal drugs were being sold. During the trial, trial counsel elicited testimony from Turner’s brother, among others, that Turner lived in Emerson, Arkansas, when the drugs were discovered. In closing argument, trial counsel reiterated that Turner lived in Emerson, not Magnolia. In closing argument, counsel may argue any plausible inference that can be drawn from the testimony at trial. See, e.g., Jackson v. State, 368 Ark. 610, 615, 249 S.W.3d 127, 130 (2007). Moreover, this court has held that the State is allowed to comment on matters raised by the defense in its closing argument. Biggers v. State, 4317 Ark. 414, 426, 878 S.W.2d 717, 723 (1994). In making his statement, the prosecutor did not improperly shift the burden to Turner. Failure to make a meritless objection is not an instance of ineffective assistance of counsel. Decay v. State, 2014 Ark. 387, at 10, 441 S.W.3d 899, 907. Second, Turner claims that trial counsel was ineffective in failing to object to the following comment by the prosecutor: “You folks know there’s a lot more going on that you didn’t get to hear.” In support of his claim, Turner makes conclu-sory allegations that the prosecutor’s statement suggested that there was inadmissible evidence favorable to the State, and he provides a string cite to cases from other jurisdictions. This court does not consider assignments of error that are unsupported by convincing argument or authority. E.g., Young v. State, 370 Ark. 147, 156, 257 S.W.3d 870, 878 (2007); see also Hester v. State, 362 Ark. 373, 386, 208 S.W.3d 747, 754 (2005) (stating that this court does not research or develop arguments for appellants).. Accordingly, we do not address this claim. Third, Turner contends that trial counsel was ineffective in failing to object when the prosecutor made a veiled reference to his failure to testify at trial: If you find this man guilty, remember the suggestion in this case is that, “I wasn’t there. It ain’t my house:' I don’t live there. It’s my sister’s furniture, but it doesn’t matter, because the police planted the dope anyway. That’s his case.” (Emphasis added.) An allegedly improper comment on the defendant’s failure to testify usually occurs during the prosecutor’s closing argument when the evidence is closed and the defendant’s opportunity to testify has passed. Decay, 2014 Ark. 387, at 8, 441 S.W.3d at 907. Under Rthose circumstances, a comment that draws attention to the defendant’s failure to testify is improper because it creates the risk that the jury will surmise that the defendant’s failure to testify was an admission of guilt. Id. at 8-9, 441 S.W.3d at 907. Consequently, the comment has the effect of making the defendant testify against himself in violation of the Fifth Amendment. Id. at 9, 441 S.W.3d at 907. In determining whether a prosecutor has improperly commented on a defendant’s failure to testify, this court conducts a two-step review. Id., 441 S.W.3d at 907. First, we determine whether the comment itself is an improper comment on the defendant’s failure to testify. Id., 441 S.W.3d at 907. The basic rule is that a prosecutor may not draw attention to the fact of, or comment on, the defendant’s failure to testify. Id., 441 S.W.3d at 907. A veiled reference to the defendant’s failure to testify is improper, as well. Id., 441 S.W.3d at 907. If we determine that the prosecutor’s closing argument statement did indeed refer to the defendant’s choice not to testify, we then determine whether it can be shown beyond a reasonable doubt that the error did not influence the verdict. Id., 441 S.W.3d at 907. Closing’ arguments must be confined to questions in issue, the evidence introduced at trial, and all reasonable inferences and deductions that can be drawn therefrom. E.g., Leaks v. State, 339 Ark. 348, 357, 5 S.W.3d 448, 454 (1999). When an attorney’s comment during closing arguments is based on, or may be inferred from, testimony at trial, there is no error. See Hendrix v. State, 2011 Ark. 122, at 10-11, 2011 WL 1177219. Further, when the defense, by adopting a particular strategy, opens the door for the prosecution to respond to evidence submitted or statements made by defense counsel, statements ‘made by the prosecution to rebut the defense | (¡strategy are not necessarily impermissible references to the defendant’s failure to testify’. See Rounsaville v. State, 2011 Ark. 236, at 3-4, 2011 WL 2062321 (per curiam). Here, through witness testimony and arguments of trial counsel, the defense maintained that Turner did not live at the Magnolia residence. The prosecutor’s statement during rebuttal was not a veiled reference to Turnér’s choice not to testify; rather, the statement was a challenge to the defense’s theory of the case. Moreover, the jury was instructed that opening statements, remarks of counsel during the trial, and closing arguments of the attorneys were not evidence and to disregard any argument, statements, or remarks of attorneys that had no basis in the evidence. The jury was also instructed that Turner had an absolute constitutional right not to testify and the fact that he did not testify was not evidence of his guilt. This' court presumes that jurors follow the circuit court’s instructions. E.g., Dunlap v. State, 292 Ark. 51, 65, 728 S.W.2d 155, 162 (1987). Finally, even if Turner has demonstrated that trial counsel’s performance was deficient when he failed to object to the comments, Turner has failed to demonstrate prejudice. Before a petitioner can prevail on an allegation that counsel failed to object during closing argument, he must establish that he was denied a fair trial by counsel’s failure to object. See, e.g., Hayes v. State, 280 Ark. 509, 509-F, 660 S.W.2d 648, 653 (1983). Turner has not done so in this case.[1] The circuit court did not err in ruling that trial counsel was not ineffective 17in failing to object to the prosecutor’s comments during rebuttal. II. Speedy Trial Turner contends that trial counsel was ineffective in failing to move for dismissal for lack of a speedy trial and in failing to make an adequate record that the time for speedy trial had run before the trial started. Pursuant to Arkansas Rule of Criminal Procedure 28.1 and 28.2, a defendant must be brought to trial within twelve months of the date of his arrest unless there are periods of delay that are excluded under Rule 28.3. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R.Crim. P. 28.1(c), 30.1. Turner was arrested on March 9, 2006. He was brought to trial on October 8, 2008, which was 944 'days after the-time for speedy trial had begun to run. Accordingly, if trial counsel had moved for a dismissal, he would have made • a prima facie showing of a violation of the rule, and the burden would have shifted to the State to show good cause for the delay. Camargo, 346 Ark. at 126, 55 S.W.3d at 261. Whether counsel was ineffective, therefore, depends on whether the State would have been able to prove that there were excluded periods sufficient to bring Turner’s trial within the twelve-month period. . Id., 55 S.W.3d at 261. In its order denying postconviction relief, the circuit court found no merit in Turner’s argument that trial counsel was ineffective in failing to make a motion to dismiss for lack of a speedy trial and in failing to make an adequate record that the time for speedy trial had run before the trial started. The court stated, , | sThe record is clear the Defendant agreed to continuances with extended periods for speedy trial purposes and he specifically agreed for the time to be excluded until the date of his jury trial. The matter was set for trial several times; the. majority, if not all, of the continuances were at the request of the Defendant. Turner asserts that the circuit court’s order is deficient because it did not include specific factual findings regarding periods excludable for speedy trial, but merely determined, in conclusory fashion, that the majority, if not all, of the continuances were at the request of the defendant. We agree. When no hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. Camacho v. State, 2011 Ark. 235, at 1, 2011 WL 2062328 (per curiam); see also Ark. R.Crim. P. 37.3. In doing so, the court shall specify “any parts of the flies, or records that are relied upon to sustain the court’s findings.” Ark. R.Crim. P. 37.3. This court has affirmed the denial of a Rule 37.1 petition notwithstanding the circuit court’s failure to make sufficient findings under Rule 37.3(a) only in two circum-. stances: (1) when it can be determined from the record that the petition is wholly without merit, or (2) when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. See Davenport v. State, 2011 Ark. 105, at 5, 2011 WL 835180 (per curiam). However, it is not incumbent on this court to scour the record to affirm. Id. Sufficient written findings by the circuit court are required to demonstrate to this court that Turner was entitled to no relief on his speedy-trial-ineffectivé-assis-tance claim. See Walden v. State, 2014 Ark. 10, at 2, 2014 WL 197824 (per cu-riam). The circuit court’s findings are insufficient for our review. Accordingly, we reverse and remand the dismissal of the speedy-trial-ineffective-assistance claim for compliance with Rule 37.3. On remand, the circuit court shall make specific findings as to |flwhich periods of delay are excludable under our speedy-trial rules and shall specify the parts of the files or record relied upon to sustain those findings. Affirmed in part; reversed and remanded in part. Baker, Goodson, and Wood, JJ.,.dissent. . Turner contends that, standing alone, the prosecutor’s comments are egregious, but when taken together, they are even more egregious and prejudicial. Inasmuch as Turner is making a cumulative-error argument, we do not address it because this court does not recognize cumulative error in allegations of ineffective assistance of counsel. E.g., Noel v. State, 342 Ark. 35, 42, 26 S.W.3d 123, 128 (2000).