SLIP OPINION

Cite as 2016 Ark. 364

# SUPREME COURT OF ARKANSAS.
### No. CR–15–274

| | | |
|---|---|---|
| JONATHAN BERKS | | **Opinion Delivered** October 27, 2016 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-10-248] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2013, the Arkansas Court of Appeals affirmed a judgment reflecting appellant Jonathan Berks's convictions on charges of second-degree murder and aggravated robbery and his consecutive sentences of thirty years' imprisonment for each of the two charges. *Berks v. State*, 2013 Ark. App. 203, 427 S.W.3d 98. After the mandate issued, Berks filed in the trial court a timely, verified petition under Arkansas Rule of Criminal Procedure 37.1 (2015) that challenged the same judgment. The trial court granted Berks's motion to file an amended and overlength petition, and later denied and dismissed the petition. Berks filed a request that the order be modified to include omitted issues, and the trial court also denied that motion, finding that the order had adequately addressed the issues in question. This court granted Berks's motion for belated appeal of the order on the basis that the trial court had not provided Berks with prompt notice of the order denying the motion for a ruling on omitted issues. *Berks v. State*, 2015 Ark. 234, 463 S.W.3d 289 (per curiam). That appeal is now before us, and we affirm.

SLIP OPINION

Berks raises three points on appeal, as follows: (1) that the trial court erred in finding that Berks's claim that counsel was ineffective for counseling him to reject a plea offer was outside the purview of a Rule 37.1 petition; (2) that the trial court misconstrued his claim concerning evidence of mental defect and disease; and (3) that the trial court's order was inadequate under Arkansas Rule of Criminal Procedure 37.3(a) in that it did not specify the parts of the files or records relied upon for the court's findings. We address the adequacy of the order first.

Under Arkansas Rule of Criminal Procedure 37.3, in order to summarily deny a Rule 37.1 petition without a hearing, the trial court is required to make written findings of fact, which specify any parts of the files or records that are relied on to sustain the court's findings, and those findings must conclusively show that the petitioner is entitled to no relief. *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 243. This court affirms the denial of a Rule 37.1 petition notwithstanding the trial court's failure to make sufficient findings under Rule 37.3(a) only in two circumstances: (1) when it can be determined from the record that the petition is wholly without merit, or (2) when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757. It is not, however, incumbent on this court to scour the record in a Rule 37 appeal to determine if the petition is wholly without merit. *Id.* The failure to make sufficient written findings is reversible error. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

In this case, some confusion arose from the fact that the trial court's order addressed all issues raised in the original Rule 37.1 petition, and not just the two issues in the amended

petition. The amended petition had culled the vital issues to only two of those claims originally raised, and the trial court's order declining to modify the order indicated that the order, while addressing these other issues as well, fully addressed the two issues that were raised in the amended petition. As discussed in depth below, the trial court's findings concerning those two issues were either adequate for our review or the allegations in the petition were such that it was conclusive that no relief was warranted.

In his first point on appeal and his first claim in the amended Rule 37.1 petition, Berks alleges that counsel was ineffective for counseling him to reject a plea offer. Berks asserts that the trial court incorrectly found that this issue was not within the purview of Rule 37 proceedings because the decision to make such a recommendation was a strategic one. Although the trial court did not identify a basis for its finding that the decision was a strategic one, Berks's allegations in the petition are such that it is conclusive no relief was warranted on those allegations.

This court will not reverse a trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Turner*, 2016 Ark. 96, 486 S.W.3d 757.

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance

prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Houghton*, 2015 Ark. 252, 464 S.W.3d 922.

Defendants have a Sixth Amendment right to counsel, and that right extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Where trial counsel's performance is deficient in recommending that the defendant reject a plea offer, the *Strickland* test is satisfied where the claimant shows a reasonable probability that, but for the defective performance, he and the trial court would have accepted the guilty plea. *Id.*

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. A petitioner claiming deficient performance must show that counsel's representation fell below an objective standard of reasonableness, and this court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Berks alleged in the petition that his attorney had brought him an offer from the prosecution for a deal in which the robbery charge was nolle prossed and the State recommended a thirty-year sentence on the murder charge.[1] Berks alleged that he was

---

[1] As the State contends, the record reflects that no formal plea offer was made, but that there were "communications." As indicated, we determine that, regardless, Berks's

SLIP OPINION

facing potential sentences of life plus thirty years if he went to trial and that he was willing to accept the offer, but that counsel convinced him that "even if convicted he would receive a sentence less than 30 years." Berks's claim was that he would have accepted the plea offer and would not have rejected the offer but for the faulty advice. To support his allegation of prejudice, Berks points out that, on conviction, he received an aggregate sentence of 60 years' imprisonment, which was longer than the proposed plea deal.

Berks did not contend that he had not been correctly advised of the maximum potential sentences on the charges if he chose to go to trial, and, instead, he alleged that trial counsel had made an erroneous strategic prediction about the outcome of the trial. Such an erroneous prediction, by itself, is not sufficient to demonstrate deficient performance. *Henson v. State*, 2015 Ark. 302, 468 S.W.3d 264 (per curiam) (citing *Lafler*, 132 S. Ct. 1376). Although Berks asserted that the decision to recommend such an outcome at trial was unreasonable because there was gruesome evidence available demonstrating that he had beaten the victim to death, evidence was also presented that Berks believed that the victim had molested his children. *Berks*, 2013 Ark. App. 203, 427 S.W.3d 98. As we have noted, the Constitution guarantees only that counsel be competent, not omniscient. *Robinson v. State*, 2016 Ark. 211, 492 S.W.3d 77. Berks failed to plead facts sufficient to support his allegations that counsel's strategic prediction about the outcome of the trial was

_____

allegations were without merit, and it is therefore not necessary for us to determine under what circumstances an offer made informally may be considered or whether the court would have accepted the offer if formalized.



unreasonable, and the denial of postconviction relief on this issue was therefore not clearly erroneous.

Berks's second claim in the amended petition, which is also the basis for his remaining point on appeal, alleged that counsel was ineffective because she was unaware of Berks's history of mental problems and therefore failed to utilize this information, that is, more specifically, that she failed to raise a diminished-capacity defense. Berks attached to the amended petition what appeared to be a portion of a doctor's report concerning Berks's mental condition in 1985. The trial court's order denying postconviction relief indicated that Berks had been evaluated by the Arkansas State Hospital and private psychologists before trial, that there was nothing in the record to support a mental disease or defect defense, and that the testimony at trial by Dr. James Moneypenny did not support a finding that Berks was not competent or incapable of forming the requisite criminal intent or conforming his behavior to the requirements of the law. Dr. Moneypenny was one of two mental-health expert witnesses called by the defense at trial. Berks takes the position on appeal that these findings failed to address the issue because the trial court did not consider what was lacking in Dr. Moneypenny's testimony and that his allegations supported a finding of ineffective assistance of counsel.

As the State points out in its brief, the trial record establishes that counsel was aware of Berks's past treatment and that she considered but rejected presenting the affirmative defense of mental disease or defect. We may take judicial notice of the record from the earlier appeal without need to supplement the record. *Adkins v. State*, 2015 Ark. 336, 469 S.W.3d 790 (per curiam). Counsel filed a notice of intent to raise such a defense, and she

had Berks examined by three mental-health experts before reaching the ultimate decision to base the defense at trial on Berks's not having committed the crime, thereby choosing not to pursue the mental-disease-or-defect defense.

Although the affirmative defense was not raised at trial, following Berks's conviction, trial counsel presented two of the private experts retained by the defense, Dr. Moneypenny, a psychologist, and Dr. Bob Gayle, a psychiatrist practicing forensic neuropsychiatry, during the sentencing phase of the trial. Contrary to Berks's allegation that counsel was unaware of his mental-health history, counsel elicited testimony from Dr. Gayle that referenced the 1985 evaluation and treatment Berks contends counsel overlooked. The same treatment was also referenced in Dr. Paul Deyoub's evaluation report concerning Berks's mental health. Dr. Deyoub was a forensic psychologist, acting as the State's expert, who filed his report in the trial court several months before trial.

A defendant who would assert the affirmative defense of mental disease or defect must show that, at the time he engaged in the charged conduct, he lacked the capacity to (1) conform his conduct to the requirements of the law or (2) appreciate the criminality of his conduct. Ark. Code Ann. § 5-2-312 (Repl. 2013); *State v. Lacy*, 2016 Ark. 38, 480 S.W.3d 856. Dr. Deyoub specifically addressed the question of whether Berks qualified under the legal criteria of the statute, and, although he considered Berks's history of treatment in his evaluation, he concluded that Berks failed to meet the criteria of the statute.

Both Dr. Moneypenny and Dr. Gayle testified that they had not evaluated Berks to determine whether he met the statute's criteria. Although Dr. Gayle specifically referenced having considered Berks's history of treatment, and, although he cautioned that he had not

conducted his evaluation for that purpose, Dr. Gayle also indicated that, based on the information that he had available to him, he could not have determined that Berks met the criteria for the affirmative defense. Berks provided no supporting facts to establish that Dr. Moneypenny did not have the same treatment history available to him or that he may have reached a different conclusion had he evaluated Berks on the issue.

Berks's allegations of ineffective assistance for this claim failed to meet his burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. Berks contends that his treatment history was sufficient to support a mental-disease-or-defect defense. Bald statements of a history of psychiatric treatment, however, are not sufficient to establish the existence of a mental disease or defect. *Adkins*, 2015 Ark. 336, 469 S.W.3d 790 (citing *Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999)).

Two different experts, one whom the defense retained, were unable to determine that Berks met the criteria for the affirmative defense, despite considering the very information that Berks alleged counsel had failed to utilize. Although Berks contends that it was not reasonable judgment to forgo the mental-disease-or-defect defense, as the trial court correctly noted, the trial record contradicts Berks's claim that counsel had a valid basis to support that defense. Where a petitioner would assert ineffective assistance for failure to make an argument, the petitioner must show that the argument would have been meritorious because the failure to make an argument without merit is not ineffective assistance of counsel. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107. Berks made no such

showing. Therefore the trial court's findings on this final point were sufficient for our review, and we affirm the denial of postconviction relief.

Affirmed.

*Jonathan Berks*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.