Cite as 2018 Ark. 6

# SUPREME COURT OF ARKANSAS

**No.** CR–16–702

| | |
|---|---|
| MARK DAVID JOHNSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 4, 2018<br><br>PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-11-129]<br><br>HONORABLE DON GLOVER, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Mark David Johnson appeals to this court from the Drew County Circuit Court's dismissal of his pro se petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). Johnson entered a negotiated plea of guilty to two counts of first-degree murder, attempted capital murder, and first-degree battery. He elected to be sentenced by a jury, and terms were imposed of life imprisonment for each of the counts of first-degree murder and a total of 600 months for the other offenses. All sentences were ordered to be served consecutively. The charges arose out of an incident in which Johnson rammed into a vehicle carrying his estranged wife, Heather Johnson, and two passengers, one of whom was pregnant. The collision resulted in the death of the pregnant woman and her unborn child and serious injury to Heather and the other passenger. For reversal of the order, Johnson maintains that his attorneys were ineffective for failing to object to testimony by Heather in the sentencing proceeding that Johnson had molested her daughter; for not calling witnesses who could have testified that the collision

with the car was an accident; and for advising him to plead guilty. We agree with the trial court that Johnson failed to establish that he was not afforded effective assistance of counsel. Accordingly, we affirm the trial court's order.

This court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. *Williams v. State*, 2016 Ark. 459, 504 S.W.3d 603. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the trial court made a mistake. *Id*. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id*.

Our standard of review requires that we assess counsel's effectiveness under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In asserting ineffective assistance of counsel pursuant to *Strickland*, the petitioner first must show that counsel's performance was deficient. *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. Additionally, counsel is allowed great leeway in making strategic and tactical decisions, particularly when deciding not to call a witness. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). "[M]atters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel." *Howard v. State*, 367 Ark. 18, 36, 238 S.W.3d 24, 39–40 (2006). The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

2

Second, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown of the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendants make an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 786–87 (quoting *Strickland*, 466 U.S. at 697). The *Strickland* standard applies to allegations of ineffective assistance of counsel pertaining to possible prejudice in guilty-plea and sentencing proceedings. *See Howard*, 367 Ark. 18, 238 S.W.3d 24.

I. *Counsel's Failure to Contemporaneously Object to Testimony Regarding Divorce Action*

Johnson argues that the trial court erred by not finding that his attorneys were ineffective in the sentencing proceeding for failure to make a contemporaneous objection pursuant to Arkansas Rules of Evidence 401 and 404(b) (2011) to testimony by Heather that she had filed for divorce because she discovered that Johnson had been sexually molesting her minor daughter.[1] The trial court noted that Johnson had waived the issue of

---

[1]As we noted on direct appeal, Johnson initially filed a motion in limine to prevent the testimony concerning the alleged sexual abuse of the daughter from coming into evidence. The trial court explained to counsel that it was inclined to permit sufficient testimony to show motive and purpose, and that counsel would be allowed to object in the

whether the testimony was admissible by pleading guilty, but because the testimony was given in the sentencing proceeding, counsels' failure to object was germane to the issue of whether counsels' representation was effective under *Strickland* in the sentencing proceeding.

Arkansas Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 404(b) prohibits raising past crimes or bad acts "to prove the character of a person in order to show that he acted in conformity therewith." *Russell v. State*, 2017 Ark. 174, at 2, 518 S.W.3d 674, 676. Such evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Stanton v. State*, 2017 Ark. 155, at 6, 517 S.W.3d 412, 415, *reh'g denied* (June 1, 2017). Arkansas Code Annotated section 16-97-103(5) and (6) (Repl. 2006) provides that relevant character evidence and aggravating and mitigating circumstances considered inadmissible during the guilt phase of a criminal trial may be admissible during the sentencing phase. *Crawford v. State*, 362 Ark. 301, 306, 208 S.W.3d 146, 149 (2005). Evidence of uncharged criminal conduct can be admissible in the penalty phase of a trial if it is relevant evidence of the defendant's character or as evidence of an aggravating circumstance. *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. Further, the admission or

---

sentencing proceeding if there was cause to object to a question regarding the alleged abuse. Because there was no contemporaneous objection during the sentencing proceeding, we declined to consider the issue of whether the testimony concerning the alleged abuse was admissible. *Johnson v. State*, 2013 Ark. 494, at 3, 430 S.W.3d 755, 756.

rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Pickens v. State*, 347 Ark. 904, 910, 69 S.W.3d 10, 14 (2002); *see also Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772, *reh'g denied* (Jan. 5, 2017).

The test for establishing motive, intent, or plan is whether the prior bad act has independent relevance. *Stevenson v. State*, 2013 Ark. 100, at 12, 426 S.W.3d 416, 423. Under Rule 404(b), evidence is independently relevant and admissible if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Vance v. State*, 2011 Ark. 243, at 20, 383 S.W.3d 325, 339–40. Any circumstance that links a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible under Rule 404(b). *Creed v. State*, 372 Ark. 221, 273 S.W.3d 494 (2008). Evidence is admissible if it proves a material point and is not introduced solely to prove that the defendant is a bad person. *Fells v. State*, 362 Ark. 77, 84, 207 S.W.3d 498, 503 (2005).

Here, there was testimony in the sentencing proceeding at Johnson's trial that Heather had served him with divorce papers two days before the collision, that she had done so because she discovered Johnson had sexually abused her daughter, that Johnson was extremely angry with Heather on the day of the collision because she had filed for divorce because of the alleged abuse, that Johnson had choked and threatened to kill her, and that he was also angry at the woman who was driving the car when the collision occurred. The testimony was relevant to establish motive in causing the collision and, with regard to intent, to disprove Johnson's assertion that the collision was a mere accident. We held in *Hill v.*

*State*, 318 Ark. 408, 887 S.W.2d 275 (1994), a case in which the defendant pleaded guilty and was sentenced by a jury in a bifurcated proceeding, that facts and circumstances attendant to the crime are admissible so that the jury can fulfill its function of determining an appropriate sentence. A trial court has wide discretion in admitting evidence of other crimes or wrongs that pertain to the offense to which the defendant pleaded guilty. *Id.* at 415, 887 S.W.2d at 278. The evidence pertaining to Johnson's extreme anger and hostility pertaining to the allegation of sexual abuse that occasioned Heather's filing for divorce, as well as his conduct before the collision, was admissible under the circumstances of this case. Accordingly, the trial court did not err in finding that his attorneys' representation was not ineffective because counsel failed to make a contemporaneous objection to the testimony at issue. The petitioner under Rule 37.1 who raises the failure to object must show that there was a basis for a meritorious objection because failure to make a meritless objection is not ineffective assistance of counsel. *Turner v. State*, 2016 Ark. 96, at 4, 486 S.W.3d 757, 760.

II. *Counsel's Failure to Call Witnesses*

Johnson argues that counsel should have called as witnesses for the defense Greg Murphy, a local body shop owner and operator, and Willie Gaston, an investigator for the defense who had studied the scene of the crash, inspected the wrecked vehicles and had knowledge of the circumstances surrounding the collision. He contends that both Murphy and Gaston could have offered testimony to corroborate the testimony of the accident–reconstruction expert who testified at length for the defense that the collision was an accident and not a deliberate act as the prosecution asserted. Johnson contends that the

6

testimony of Murphy and Gaston would have swayed the jury to impose a more lenient sentence.

We find no error in the trial court's decision that Johnson failed to establish that he suffered any prejudice under the *Strickland* standard as a result of counsels' failure to call either Murphy or Gaston. As stated, the defense called an expert in accident reconstruction who gave testimony favorable to the defense. Johnson did not show with facts that the testimony of either Murphy or Gaston would not have been merely cumulative to the expert's testimony, and the omission of a witness when his or her testimony is cumulative does not deprive the defense of vital evidence. *Van Winkle v. State*, 2016 Ark. 98, at 11, 486 S.W.3d 778, 786 (citing *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722). Moreover, Johnson did not demonstrate that either potential witness could have been qualified to give admissible evidence on accident reconstruction. When a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252. To demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel presented the witness, the outcome of the proceeding would have been different. *See id.* Johnson did not make that showing.

The decision of trial counsel to call a witness is generally a matter of trial strategy and outside the purview of Rule 37.1. *Banks v. State*, 2013 Ark. 147. Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the defendant. *Id.* Nonetheless, such strategic decisions must still be supported by reasonable professional

7

judgment. *Id*. When assessing an attorney's decision not to call a particular witness, it must be taken into account that, as the decision is largely based on professional judgment, the decision is one that could be debated endlessly by experienced advocates, and the fact that a witness or witnesses could have offered testimony beneficial to the defense is not in itself proof of counsel's ineffectiveness. *Huls v. State*, 301 Ark. 572, 785 S.W.2d 467 (1990); *Dumond v. State*, 294 Ark. 379, 743 S.W.2d 779 (1988).

### III. *Effective Assistance of Counsel in the Guilty-Plea Proceeding*

Finally, Johnson contended that his plea of guilty should be vacated because it was not knowingly, voluntarily, or intelligently entered with effective assistance of counsel. Johnson was initially charged with two counts of capital murder for which the State sought the death penalty, one count of attempted capital murder, and one count of aggravated assault. Johnson entered into a negotiated agreement with the State whereby he would enter a plea of guilty to two counts of first-degree murder, one count of attempted first-degree murder, and one count of first-degree battery and be sentenced by a jury. The plea removed the possibility that Johnson could receive a sentence of death. Johnson asserted in his petition that the plea should be vacated because (1) he had insisted all along that he did not intentionally cause the collision; (2) counsel urged him to plead guilty and advised him that, if he went to trial and was found not guilty, the State would pursue him relentlessly on charges of molesting Heather's daughter; (3) counsel coerced him to plead guilty by informing him that he would face a more severe sentence on the "alleged rape charge if and when that charge was filed by the State" if he did not plead guilty and that he could avoid being charged with rape by pleading guilty; (4) counsel advised him that he could obtain a

8

"reversal and sentence reduction" on appeal; and (5) he would be released from prison within a year.

The rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas is set out in *Hill v. Lockhart*, 474 U.S. 52 (1985). In *Hill*, the Supreme Court held that the "cause and prejudice" test of *Strickland*, 466 U.S. 668, applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the appellant did the act charged. *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194. Further, a petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. The fact that a plea of guilty may have been induced by the possibility that a more severe sentence could be imposed on the defendant if he or she went to trial does not, in itself, establish coercion. *See Thomas v. State*, 277 Ark. 74, 79–80, 639 S.W.2d 353, 356 (1982).

The record lodged in Johnson's appeal from the sentencing proceeding, which is considered consolidated with the record in this postconviction appeal, reflects that Johnson, before he entered his plea, was fully informed of the factual basis for the original charges against him and the amended charges that eliminated the possibility that the death penalty would be imposed. While he complained that he was being given a "raw deal," he stated

9

that he did not wish to proceed with a jury trial on the issue of his guilt, and by pleading guilty, he was giving up his right to claim that he was not guilty; no one had forced him to give up his right to trial by jury; the plea agreement met with his approval; there could be no appeal from the plea of guilty itself; his attorneys had not forced him to plead guilty and were "good lawyers"; and the jury would decide his penalty for each offense, including the penalty for first-degree murder, which carried a range of ten years, to forty years, or life imprisonment. Based on a review of the plea hearing and Johnson's failure to provide facts to show in his Rule 37.1 petition that he was not fully advised of all aspects of the plea, Johnson clearly failed to demonstrate that his plea should be vacated on the grounds that he was not afforded effective assistance of counsel.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority fails to recognize the significance of Mr. Johnson's trial counsel's failure to object to the testimony of Mr. Johnson's estranged wife, Heather Johnson, during the sentencing proceeding. Heather testified that she discovered that Mr. Johnson had been sexually molesting their minor daughter. Sexually molesting a minor is a crime in this state, and that allegation constituted an uncharged, unproven crime. Although Arkansas Rule of Evidence 404(b) has largely been eviscerated by case law that has stretched almost beyond recognition the exceptions contained within the rule, these exceptions do not include evidence of uncharged, unproven crimes presented in a sentencing proceeding after a guilty plea. *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999).

As in the case before us, Walls pleaded guilty, but requested jury sentencing. The State introduced testimony regarding Walls's involvement in an uncharged, unproven murder. *Walls*, 336 Ark. at 499, 986 S.W.2d at 402. In reversing, this court stated that it is a foundation of our criminal justice system that we do not sentence defendants for unproven, uncharged crimes. 336 Ark. at 500–01, 986 S.W.2d at 402–03. Accordingly, the Relief pursuant to a Rule 37 petition is defined by Rule 37.4, 1 which states that "the circuit court may set aside the original judgment, discharge the petitioner, resentence him or her, grant a new trial, or otherwise correct the sentence, as may appear appropriate in the proceedings." *Walls* court held that the testimony was both irrelevant and unfairly prejudicial. *Id.*

*Walls* is directly on point. The majority is simply wrong when it asserts that Heather's testimony was relevant and admissible. Moreover, the error was clearly prejudicial to Mr. Johnson. I hardly need mention that sex crimes against children are reviled in this state.

I readily acknowledge that as a mechanism for postconviction relief, Rule 37 is pretty much an empty kettle. However, in the twenty-seven-year history of Rule 37, one of the two instances in which an incarcerated person received relief[1] on appeal—*Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002)—involved a trial counsel's failure to object to an obvious trial error. Failure to object to Heather's testimony resulted in this court's refusal to consider

---

[1] Relief pursuant to a Rule 37 petition is defined by Rule 37.4, which states that "the circuit court may set aside the original judgment, discharge the petitioner, resentence him or her, grant a new trial, or otherwise correct the sentence, as may appear appropriate in the proceedings."

this argument on direct appeal. *Johnson v. State*, 2013 Ark. 494, 430 S.W.3d 755. As in *Flores*, prejudice is proven. I would reverse and remand this case for a new sentencing proceeding.

I respectfully dissent.

*Mark D. Johnson*, pro se appellant.

*Rule Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.