DAVID M. GLOVER, Judge
Tyrome Harris, Sr., appeals pro se from the trial court's denial of his petition for postconviction relief. We earlier remanded the case to the trial court for supplementation of the record to include the portions the court specifically relied upon in denying the Rule 37 petition. Harris v. State , 2017 Ark. App. 464, 2017 WL 4159567. The record has now been supplemented, and we are able to address the merits of Tyrome's appeal. We affirm the denial of postconviction relief.
During a hearing on February 8, 2016, Tyrome entered a negotiated guilty plea to the offense of first-degree battery in case no. CR-2014-3398, and in exchange, the child-enhancement and habitual-offender allegations were nolle prossed in another case (CR-2014-2754). The plea statement signed by Tyrome on February 8, 2016, included a provision that explained he could receive a total sentence from five to twenty years in the state penitentiary and/or a fine of up to $15,000.
On March 7, 2016, Tyrome was sentenced to fifteen years in the Arkansas Department of Correction, with an additional five years' suspended imposition of sentence. During the sentencing hearing, in Tyrome's presence, his counsel stated in part:
Judge, we entered a plea of guilty to battery first degree with-with the habitual dropped. The range is 5 to 20. The main point I want to make to the Court is, based on his prior record, any sentence the Court imposes today, he will have to serve 100 percent. So, whatever the sentence is-and I'm asking the Court-I told the Defendant I would ask the Court to consider a five-year sentence. He's going to have to serve day-for-day five years or any sentence the Court does impose.
....
*897 And I'm asking the Court to show leniency. I'm asking the Court to consider a five-year sentence of which he will have to serve day-for-day.
There is nothing in the record to indicate that Tyrome expressed any concern or surprise about his counsel's comments or that he conveyed to the court his disagreement that serving 100 percent of any sentence imposed was contrary to the negotiated plea.
On April 22, 2016, Tyrome filed his Rule 37 petition for postconviction relief. He alleged four bases to support his contention that his counsel was ineffective: 1) counsel had a conflict of interest with the alleged victim, 2) the plea agreement was for no enhancements or habitual offender, 3) jail-time credit was incorrect, and 4) counsel failed to advise him that he would be required to serve 100 percent of his sentence because of a prior felony conviction. In its order, the trial court denied the petition with no hearing,[1] finding no basis for postconviction relief on any of the grounds alleged by Tyrome in his petition. This pro se appeal followed in which Tyrome contends the trial court "abused its discretion" when it found trial counsel was effective. We find no error.
As mentioned previously, in his Rule 37 petition, Tyrome alleged four bases in support of his contention that his trial counsel was ineffective. In this appeal, he has abandoned all but one of those bases. He no longer pursues his arguments that 1) counsel had a conflict of interest with the alleged victim, 2) the plea agreement was for no enhancements or habitual offender, and 3) his jail-time credit was incorrect. However, he does still maintain that his counsel was ineffective for allegedly failing to advise Tyrome that he would be required to serve 100 percent of his sentence because of a prior felony conviction, which has been his major contention throughout. In addition, Tyrome has added some constitutional arguments in his appeal to our court that were not raised in his Rule 37 petition-arguments based on the Sixth, Eighth, and Fourteenth Amendments involving due process and cruel and unusual punishment. Because Tyrome has abandoned all but one of the arguments he pursued in his Rule 37 petition (and because the constitutional arguments he raises in this appeal were not presented to the trial court and therefore were not properly preserved), we address only Tyrome's argument alleging ineffective assistance of counsel for failure to advise him that he would have to serve 100 percent of his sentence.
In rejecting the "failure-to-advise" argument below, the trial court explained in its order:
Petitioner's final claim for relief states that counsel was ineffective for failing to inform Petitioner that he would be required to serve 100% of his sentence before becoming parole eligible. Petitioner further claims that he was led to believe he would only be required to serve 1/3 or 5 years of the sentence. Petitioner claims this omission rendered his plea involuntary. A review of the record from the sentencing hearing held March 7, 2016, conclusively shows that trial counsel explicitly stated twice on the record that Petitioner would have to serve his sentence day-for-day (Transcript p. 16) and that Petitioner would have to serve 100% of his sentence (Transcript p. 15). The Court finds this *898 claim to be wholly without merit and denies any relief on this ground.
We have previously quoted the portions of the supplemented record relied upon by the trial court in which counsel explicitly stated that Tyrome would have to serve 100 percent of any sentence imposed.
Arkansas appellate courts do not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, 534 S.W.3d 143. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the trial court made a mistake. Id. In making a determination on a claim of ineffective assistance of counsel, we consider the totality of the evidence. Id. Our standard of review requires that we assess counsel's effectiveness under the two-prong standard set forth by the United States Supreme Court in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Id. In asserting ineffective assistance of counsel pursuant to Strickland , the petitioner first must show that counsel's performance was deficient. Id. This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Second, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Id. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both Strickland showings, it cannot be said the conviction resulted from a breakdown of the adversarial process that renders the result unreliable. Id. "[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendants made an insufficient showing on one." Id. at 2, 534 S.W.3d 143. The Strickland standard applies to allegations of ineffective assistance of counsel pertaining to possible prejudice in guilty-plea and sentencing proceedings. Id.
Here, we are not left with a definite and firm conviction that the trial court made a mistake in finding that Tyrome's counsel did not fail to inform him that he would have to serve 100 percent of any sentence imposed. As noted by the trial court in its order, Tyrome's counsel stated on two occasions during the sentencing hearing that Tyrome would have to serve 100 percent of any sentence the trial court imposed. Tyrome was present at the hearing. He expressed no surprise or concern about his counsel's comments. Neither did he challenge to the trial court that the comments were contrary to the negotiated plea. Moreover, in his arguments to our court, Tyrome contends that he did not learn he would have to serve 100 percent of his sentence until he was taken into custody by the Arkansas Department of Correction and informed of that fact. The sentencing-hearing comments, where Tyrome was present, clearly rebut that portion of his contention. Still further, it is hard to give credence to his argument that he was told he would have to serve only one-third of his sentence, or five years, as part of his plea negotiation when he did not even know until the sentencing hearing that his sentence would be fifteen years.
Finally, in examining the first prong of the Strickland standard of review, we conclude *899 Tyrome did not demonstrate that his counsel's performance was deficient. Not only do we find no clear error in the trial court's finding that Tyrome was informed by his counsel that he would have to serve 100 percent of any sentence imposed, we also note that our supreme court has held "that there is no constitutional requirement for defense counsel to inform his client about parole eligibility and that the failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases." Paige v. State , 2013 Ark. 432, at 4, 2013 WL 5883809. Because we have concluded that Tyrome did not establish the first Strickland prong (deficient performance by counsel), it is not necessary for us to address the second prong (prejudice). Johnson, supra.
Affirmed.
Gruber, C.J., and Harrison, J., agree.

Rule 37.3(a) provides, "If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings."