JOHN DAN KEMP, Chief Justice
This is a pro se appeal from an order of the trial court denying appellant Khalin Collins's pro se petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2013).[1] Collins raised six grounds for relief in the trial court based on allegations of ineffective assistance of counsel. The trial court denied relief without conducting a hearing.
On appeal, Collins raises two of his original claims of ineffective assistance of counsel: (1) that trial counsel failed to present testimony from a known witness and other supporting evidence establishing an alibi on the date the crimes were committed; and (2) that counsel failed to file a motion to dismiss on the ground that Collins's right to speedy trial had been violated.[2] As stated, the trial court did not conduct *867 an evidentiary hearing and entered an order concluding that the decision to call a witness is one of trial strategy; it further found that, based on a review of the docket sheet, all but nine months between Collins's arrest and trial were specifically excluded for purposes of speedy trial.
Rule 37.3 of the Arkansas Rules of Criminal Procedure (2013) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. Sanders v. State , 352 Ark. 16, 98 S.W.3d 35 (2003). When the trial court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the trial court to make written findings specifying the parts of the record that form the basis of the trial court's decision. Id. If the trial court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. Id. It is not incumbent on this court to scour the record to affirm. Turner v. State , 2016 Ark. 96, 486 S.W.3d 757.
Sufficient written findings by the trial court are required to demonstrate that Collins was entitled to no relief. Because the record before this court does not conclusively show that Collins's ineffective-assistance-of-counsel claims are without merit, we reverse and remand for compliance with Rule 37.3 and direct the trial court to conduct an evidentiary hearing and to supplement the record.
As an initial matter, we address the State's contention that Collins's Rule 37.1 petition was untimely filed. In February 2013, a jury convicted Collins of one count of commercial burglary, one count of theft of property over $2,500, one count of Class Y felony arson, and two counts of Class C felony arson. The Arkansas Court of Appeals affirmed three of Collins's convictions but reversed the conviction for Class Y felony arson. Collins v. State , 2014 Ark. App. 551, 444 S.W.3d 889. This court denied the parties' cross-motions for review, and the mandate was issued on January 22, 2015. Accordingly, Collins was resentenced and a second amended sentencing order was entered by the trial court on February 20, 2015. Thereafter, Collins filed a timely pro se Rule 37.1 petition on May 13, 2015. See Ark. R. Crim. P. 37.2(c)(iv) (2013) (stating in pertinent part that if no appeal is taken from a resentencing order the petition must be filed within ninety days of the entry of the judgment). Here, no appeal was taken from the resentencing order filed on February 20, 2015, and Collins's Rule 37.1 petition was due on May 21, 2015. Therefore, his petition filed on May 13, 2015, was timely.
Our standard of review requires that we assess counsel's effectiveness under the two-prong standard set forth by the United States Supreme Court in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Johnson v. State , 2018 Ark. 6, 534 S.W.3d 143. In asserting ineffective assistance of counsel pursuant to Strickland , the petitioner first must show that counsel's performance was deficient. Id. This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id.
I. Failure to Call an Alibi Witness
When a petitioner alleges ineffective assistance of counsel concerning the *868 failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. Id. To demonstrate prejudice, the petitioner is required to establish that there was a reasonable probability that, had counsel presented the witness, the outcome of the proceeding would have been different. Id.
In the petition filed below, Collins named a specific witness who resided in Panama City, Florida, and who allegedly would verify that Collins was working for a construction company in Florida when the crimes for which he was convicted occurred. In support of his claim, Collins points to a motion for continuance filed by his first attorney, Robert Jeffrey. A review of the record on appeal[3] reveals that Collins's first counsel asked for a continuance for the purpose of investigating the above-referenced alibi evidence and testimony. Attached to the motion was an affidavit executed by counsel as well as documents from a construction company in Florida confirming that Collins was hired in July 2009 and was working there during the relevant time frame. Collins contends that his second counsel, James Bennett, who conducted the trial, failed to follow through with an investigation of this alleged alibi evidence. As stated above, the trial court denied this claim, concluding that the decision to call a witness was one of trial strategy and did not represent ineffective assistance of counsel.
This court reviews the trial court's decision on Rule 37.1 petitions for clear error. Russell v. State , 2017 Ark. 174, 518 S.W.3d 674. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the totality of the evidence, is left with the definite and firm conviction that a mistake has been committed. Polivka v. State , 2010 Ark. 152, 362 S.W.3d 918.
Because Collins specified the alibi evidence his trial counsel allegedly failed to develop and provided the name of a specific witness, as well as the anticipated testimony of that witness, it cannot be determined from the face of these allegations that they are clearly without merit. Johnson , 2018 Ark. 6, 534 S.W.3d 143. Therefore, a hearing should have been held to provide an opportunity for Collins's trial counsel to explain the failure to investigate and present this alleged alibi testimony. Furthermore, although calling a witness is generally a matter of trial strategy, failing to call a witness that could provide a credible alibi would likely represent an unreasonable strategy capable of prejudicing the outcome of the trial. Therefore, conducting a hearing to obtain testimony from Collins's trial counsel was necessary to determine the merits of this ineffective-assistance-of-counsel claim.
II. Ineffective Assistance of Counsel Based on Failure to Move for Dismissal Based on a Violation of Right to Speedy Trial
With respect to his speedy-trial claim, Collins alleged below that he had been arrested in Panama City, Florida, on August 24, 2010, and brought to trial on February 13, 2013. In his argument on appeal, Collins concedes that the speedy-trial time began to run on September 2, 2010, and the direct-appeal record demonstrates that Collins was arrested on September 2, 2010. The time that elapsed between September 2, 2010, and February 13, 2013, totaled 895 days. In his petition, Collins alleged that his trial was conducted *869 more than twelve months after his arrest and that the only continuance filed on his behalf was granted on May 2, 2012.[4] Collins argues on appeal that between the date of his arrest and July 12, 2012, "there were 488 days which must be un-excluded."
As explained above, the trial court made a summary finding that Collins was tried within the required speedy-trial time frame based on a review of the docket sheet. However, the trial court failed to set forth the dates that would have been excludable under the speedy-trial rule and did not include in the postconviction record the docket sheet upon which it had based its conclusion. The docket sheet that was included in the direct-appeal record is deficient in that the docket sheet contained therein is missing those parts of the docket that recorded the events between July 2012 and the date Collins's trial began in February 2013, leaving over 200 days of delay that cannot be conclusively excluded from the speedy-trial calculation. The last order setting a trial date that is contained in the record on direct appeal was dated by the trial court as April 2, 2012, but it was not filed until July 5, 2012. This final order, filed-marked July 5, 2012, set Collins's trial for the "next scheduled trial date" and did not specify the date.
When no hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. Turner , 2016 Ark. 96, 486 S.W.3d 757. In doing so, the trial court shall specify "any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3 (2013). Collins's allegations establish that the time which elapsed between September 2, 2010, and February 13, 2013, totaled 895 days, and he has therefore established a prima facie case of a speedy-trial violation. Therefore, whether counsel was ineffective depends on whether the State would have been able to prove that there were excluded periods sufficient to bring Collins to trial within the one-year period. Camargo v. State , 346 Ark. 118, 55 S.W.3d 255 (2001).
Sufficient written findings by the trial court are required to demonstrate to this court that Collins was entitled to no relief on his speedy-trial-ineffective-assistance claim. Turner , 2016 Ark. 96, 486 S.W.3d 757. The trial court's summary statement that all but nine months were excludable is insufficient for this court's review, especially in view of the lack of a complete record demonstrating that the delays between the entry of the July 2012 order and the date on which the trial that began in February 2013 were, in fact, excludable under Arkansas Rule of Criminal Procedure 28.3 (2013). Accordingly, we reverse and remand to the trial court with directions to conduct a postconviction hearing limited to the two claims of ineffective assistance of counsel preserved by Collins in this appeal. Furthermore, the trial court is directed to ensure that a complete trial docket sheet is included in the record. The trial court is directed to conduct a hearing and enter an order disposing of these two claims within 120 days of the date of this opinion. If the trial court's decision is adverse, Collins will be required to perfect an appeal.
Reversed and remanded.

This appeal has remained on the docket of this court rather than being transferred to the court of appeals because this court had previously granted Collins's motion for rule on clerk by per curiam order without written opinion entered September 22, 2016; and on March 30, 2017, this court granted Collins's motion to file a belated brief.

Arguments made to the trial court but not included in the arguments on appeal are considered abandoned. Brown v. State , 2017 Ark. 364, 2017 WL 6376367 (citing Jordan v. State , 356 Ark. 248, 147 S.W.3d 691 (2004) ).

We may take judicial notice of the record from the direct appeal without need to supplement the record. Anderson v. State , 2011 Ark. 488, 385 S.W.3d 783.

Contrary to the above-cited allegation, the docket sheet that is part of the direct-appeal record demonstrates that Collins and his first attorney requested numerous continuances between September 2, 2010-the date of his arrest-and April 2012.